**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**A.S., by and through ANNETTE SAMPSON PRESTON, mother and natural guardian,**

    **Plaintiff,**

vs.     Case No: 8:05-CV-1198-T-23EAJ

**DON MCNAIR, individually, et al.,**

    **Defendants.**

_____/

## ORDER

Before the court is Plaintiff's **Motion to Release Non-Party Records Maintained by the Children's Advocacy Center**, filed October 12, 2006 (Dkt. 98). Defendants have not filed a response as of the date of this order and the period for responding has elapsed. Plaintiff represents to the court that it served a copy of the motion on the Children's Advocacy Center. No response has been filed by the Children's Advocacy Center either.

This case concerns a civil rights claim brought pursuant to 42 U.S.C. § 1983 against six individuals who are or were employed by the Florida Department of Children and Family Services ("the Department"). Plaintiff, a minor, alleges that Defendants were deliberately indifferent to her right to reasonable safety while in state custody. Plaintiff alleges that while residing in the Johnson foster home, she was sexually assaulted repeatedly by two older male children living in the foster home, and that these children had known histories of sexual aggression and acting out (Dkt. 2).

On February 10, 2006, Plaintiff sought a court order for the release of certain records in the Department's possession, including documents contained in the Department's licensure file for the Johnson foster home and protective investigations file regarding investigations into the alleged abuse

involving foster children at the Johnson residence (Dkt. 31). This court subsequently reviewed the requested documents in camera and upon determining that the documents were relevant to the claims asserted in Plaintiff's complaint, ordered the Department to produce the documents as identified in the court's order of February 10, 2006 (Dkts. 32, 34). The court ordered the documents to remain sealed and subject to a confidentiality order (Dkts. 34, 42).

In the instant motion, Plaintiff asserts that the Department reported that it was unable to locate its investigation file regarding the October 15, 1998 abuse allegations and provided only a copy of the report. Plaintiff states that according to the October 15, 1998 report and a similar report made on September 18, 2000, the victim child was interviewed about the abuse allegations at the Children's Advocacy Center and the interview was videotaped. Plaintiff requests that this court order the Children's Advocacy Center to release the October 15, 1998 videotaped interview of the victim child, its child-on-child sexual abuse report, and all other documents in its possession regarding this investigation subject to the March 15, 2006 confidentiality order (protective order) previously entered in this case.

Similar to the documents that this court ordered the Department to release, Plaintiff asserts that the information in the videotape and the Children Advocacy Center's records are relevant to the issue of Defendants' knowledge of the risk of harm to Plaintiff at the Johnson foster home. Plaintiff further argues that the information would be subject to the provisions of the court's confidentiality order (Dkt. 42) and as such, the possible harm from disclosure is minimal. Finally, Plaintiff asserts that the court may order the disclosure of the videotape and records pursuant to the provisions of the federal Health Insurance Portability and Accountability Act ("HIPAA") and Florida law. Although Plaintiff submits that she could not serve a copy of the motion on the victim child because Plaintif

2

has no knowledge as to the whereabouts of the victim child or her current guardian, Plaintiff argues that notice to the child victim is not required (Dkt. 98, at 3).

The HIPAA regulations are the baseline for the release of private health information by covered entities and create a procedure for obtaining authority to use medical records in litigation. 45 C.F.R. § 164.512. The regulations allow disclosure in response to a court order, or in response to a discovery request if the covered entity (i.e., the health care provider) receives satisfactory assurance from the party seeking the information that reasonable efforts have been made to notify the patient of the request. 45 C.F.R. § 164.512(e)(1)(ii)(A). In addition, a covered entity may release private health records if it receives satisfactory assurance from the party seeking the information that reasonable efforts have been made to secure a qualified protective order. 45 C.F.R. § 164.512(e)(1)(ii)(B); Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004). A qualified protective order must prohibit using or disclosing medical information for any purpose other than the litigation, and the medical information must be returned to the medical professional or be destroyed at the end of the litigation. 45 C.F.R. § 164.512(e)(v).

Under Florida law, the Department's records and reports regarding child abuse are confidential and may be disclosed only by court order. See Fla. Stat. § 39.202. The child abuse reports and records of Child Protection Teams, which operate locally under the direction of the Department, are likewise confidential and subject to limited disclosure. See Fla. Stat. §§39.303, 39.202(5). The Children's Advocacy Center performed the function of the Child Protection Team in this case; thus, its records regarding the victim child here are confidential and should be disclosed only by court order.

In the instant case, a qualified protective order is in place to govern the handling of sensitive

records and documents produced or obtained from any party or any non-party (Dkt. 42). Moreover, in accordance with Rule 26(b)(1), Federal Rules of Civil Procedure, the court finds that the videotaped interview and the Children Advocacy Center's records regarding Plaintiff A.S. are relevant to Plaintiff's claim of Defendants' knowledge with regard to incidents occurring in the Johnson foster home. The court is also mindful of Florida law regarding confidentiality of reports and records in cases of child abuse and finds that good cause exists to order disclosure because of the relevance to the claims in this case and because of the governing provisions of the protective order already in place. Therefore, the court finds that the videotaped interview and the Children's Advocacy Center's records regarding Plaintiff A.S. should be released to the parties' attorneys and governed accordingly by the protective order.[1]

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion to Release Non-Party Records Maintained by the Children's Advocacy Center (Dkt. 98) is **GRANTED**.

(2) The Children's Advocacy Center shall produce to the parties' attorneys a copy of the videotaped interview of A.S. and a copy of any records relating to that incident within fifteen (15) days of the date of this order.

(3) The released videotape and records shall be subject to the court's protective order (Dkt. 42).

---

[1] At this time, given the sensitive nature of the material, disclosure is limited solely to the parties' attorneys. The court is concerned about Plaintiff's statement that she could not serve a copy of this motion on the child victim or the victim's current guardian because Plaintiff does not know the current whereabouts of the victim child or her current guardian. Since this order authorizes the release of the records only as subject to the protective order, the court will not require further efforts to locate the child victim at this time; however, prior to any further disclosure of the videotape, the court will require this issue to be revisited. Should any party desire to use the recording of this interview pursuant to paragraphs 7 or 11 of the protective order, they shall first file notice with the court so the issue of victim identification can be revisited.

(4)  The Clerk is directed to forward a copy of this order to the attorney for the Children Advocacy Center, 700 East Twigg Street, Tampa, Florida 33602.

**DONE** and **ORDERED** in Tampa, Florida this 22nd day of November, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record

Attorney for Children's Advocacy Center
700 East Twigg St.
Tampa, FL 33602